IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


MATTHEW D. ENDERS                          *
        Plaintiff,
        v.                                 *          CIVIL ACTION NO. WDQ-10-2243

THE STATE OF MARYLAND                      *
  MARYLAND DEPARTMENT OF LABOR,
  LICENSING  AND REGULATION                *
DIVISION OF UNEMPLOYMENT
INSURANCE                                  *
        Defendants.
                                          ***

MEMORANDUM

The *pro se* Plaintiff filed this "negligence" action against the State of Maryland seeking

$4,095.00 in compensatory damages.  Affording the Complaint a generous construction, Plaintiff

asserts that he is unemployed and has collected 73 weeks of unemployment benefits from the State

of Maryland.  He states that the State and it agency, the Maryland Department of Labor, Licensing,

and Regulation are in charge of distributing unemployment benefits in Maryland that "involve the

federal government."   Plaintiff complains that due to the State's negligence, his unemployment

benefits were stopped at 73 weeks, when he should have received a total of 86 weeks of benefits

"rightfully due under the Recovery Act and federal law."

Plaintiff has filed a Motion for Leave to Proceed *In Forma Pauperis* (Paper No. 2), which

shall be granted pursuant to 28 U.S.C. § 1915(a).  The complaint shall, however, be dismissed.

Plaintiff offers no allegations that he was denied benefits due to discrimination or in violation

of his civil rights.  Such claims would involve this Court's 28 U.S.C. §§ 1331 and/or 1343

jurisdiction.  Rather, he seemingly states that the State of Maryland is eligible for an extra 13 weeks

of extended unemployment benefits under the Recovery Act due to its high total unemployment rate

("TUR"), but to date, the Maryland State General Assembly has not adopted the TUR trigger, thus negligently breaching its duty to him and others who have exhausted their unemployment benefits.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Generally, a case can be filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 (providing there is jurisdiction in civil actions "under the Constitution, law, or treaties of the United States).[1] There is no presumption that the court has jurisdiction. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895)).

This action presents no claims under federal law or statute. Plaintiff has set out a claim of negligence against the State related to the award of extended unemployment benefits under existing Maryland unemployment insurance law. This Court does not sit to review every claim related to alleged tortious conduct involving non-federal parties.[2] For the aforementioned reasons, Plaintiff's complaint shall be dismissed. A separate Order follows.


Date:  August 30, 2010                              /s/
                                          William D. Quarles, Jr.
                                          United States District Judge


---

[1]      Plaintiff does not allege federal jurisdiction premised on diversity of citizenship under 28 U.S.C. § 1332.

[2]      Plaintiff may avail himself of any and all administrative appellate remedies offered by the Maryland Department of Labor, Licensing, & Regulation.